# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| LEROY BETHEL, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV612-082 |
| UNITED STATES OF AMERICA, | ) ) ) | CR696-004 |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Leroy Bethel has submitted for filing his second 28 U.S.C. § 2255 motion, again attacking his 1996 conviction and 360-month sentence for participating in a drug conspiracy. (Doc. 1); *see United States v. Summersett*, No. CR696-004 (S.D. Ga. filed Mar. 8, 1996); *Bethel v. United States*, No. CV600-137 (S.D. Ga. July 18, 2001) (first § 2255 motion). Since this is a successive motion, Bethel must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, this Court *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of

appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).[1]

Because Bethel has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see*

---

[1] Bethel insists that his motion is not successive. He relies upon authority from the United States Supreme Court, specifically *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321 (2012), which was not available at the time of his original petition. (Doc. 1 at 3-9.) Nevertheless, his claim does not fall within the four corners of that case. In *Dorsey*, the Supreme Court held that the Fair Sentencing Act of 2010, which lessened the penalties for crimes involving crack cocaine, applied to offenders whose crimes preceded the effective date of the act but were sentenced after that date. *Dorsey*, 132 S. Ct. at 2335. Bethel, however, was sentenced long before the Act went into effect. He thus seeks an extension of Supreme Court precedent. His underlying claim -- that those sentenced long before the Fair Sentencing Act went into effect should still benefit from its changes to the law -- is not yet ripe. Bethel's motion remains successive. *See Stewart v. United States*, 646 F.3d 856, 863-64 (11th Cir. 2011) (where the defect ripened after conclusion of the previous petition, the later petition based on that defect may be non-successive).

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 6Th day of September, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA